UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

BRITTNEY REYNOSO, individually and on
behalf of others similarly situated,

          Plaintiff,

vs.

DREAMLAND SECURITY SERVICES INC.
and MARVIS ERHUNMWUNSE,

          Defendants.

------------------------------------------------------------ X

Civil Case No.:  1:23-cv-2258

## COLLECTIVE AND CLASS ACTION COMPLAINT

COMES NOW Plaintiff Brittney Reynoso, individually and on behalf of all others similarly situated, by and through her attorneys Brown, LLC, and for her cause of action against Defendants Dreamland Security Services Inc. and Marvis Erhunmwunse, states and avers as follows:

## INTRODUCTION

1.     This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Brittney Reynoso, individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law, §§ 650 *et seq.* and 190 *et seq.*, 12 NYCRR § 142-1.1 *et seq.*, and 12 NYCRR § 142, *et seq.* (collectively the "NYLL").

2.     Defendant Dreamland Security Services Inc. is a security business located at 369 East 149th Street, 3rd Floor, Bronx, New York 10455.

3.     Defendant Marvis Erhunmwunse is the owner of Dreamland Security Services Inc.

4.    Plaintiff and other hourly-paid, non-exempt security guards of Defendants regularly worked over 40 hours per week, but Defendants did not compensate them at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

5.    Plaintiff and other hourly-paid, non-exempt security guards of Defendants regularly worked a spread of hours that exceeded ten (10) or more hours in a day, but Defendants did not pay them "spread of hours" premium pay.

6.    Plaintiff brings her FLSA claims (Count I) on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated hourly-paid security guards employed by Defendants at any time within the three years preceding the commencement of this action through the date of judgment (the "FLSA Collective"), and seeks declaratory relief and unpaid overtime pay, liquidated damages, pre-judgment and post-judgment interest, fees and costs, and any other remedies to which she may be entitled.

7.    Plaintiff brings her NYLL claims (Counts II, III, and IV), pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all other similarly situated hourly-paid security guards employed by Defendants in New York at any time within the six (6) years preceding the commencement of this action through the date of judgment (the "Rule 23 Class"), and seeks declaratory relief, unpaid overtime wages, unpaid spread of hours premium for each day worked ten (10) or more hours, liquidated damages, fees and costs, and any other remedies to which she may be entitled.

## THE PARTIES

8.    Plaintiff is an adult who resides in Bronx County, State of New York.

9.    Plaintiff has been employed by Defendants as an hourly-paid security guard from approximately August 2022 to the present.

10.    Plaintiff works for Defendants in New York.

11.    Defendant Dreamland Security Services Inc. is a domestic corporation with a principal place of business in Bronx County.

12.    Defendant Marvis Erhunmwunse is the owner of Dreamland Security Services Inc.

13.    Erhunmwunse exercised significant operational control over Dreamland Security Services Inc., including determining the rate of compensation.

## JURISDICTION AND VENUE

14.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

15.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as the federal claims.

16.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

17.    This Court has personal jurisdiction over Defendants because Defendants do business within the State of New York and maintains systematic and continuous contacts with the State of New York.

18.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of this judicial district and because a substantial portion of the events that give rise to the Plaintiff's asserted claims occurred in this district.

**FACTUAL ALLEGATIONS**

19.    Defendants have and continue to employ hourly-paid security guards.

20.    Hourly-paid security guards are responsible for providing security services for businesses and residences.

21.    Hourly-paid security guards are non-exempt employees under the FLSA.

22.    Hourly-paid security guards are non-exempt employees under the NYLL.

23.    Hourly-paid security guards are paid an hourly rate of pay.

24.    Hourly-paid security guards are scheduled to work at least 5 shifts in most weeks, with most, if not all, shifts lasting at least 8 hours.

25.    Hourly-paid security guards regularly work in excess of 8 hours in a day.

26.    Hourly-paid security guards regularly work in excess of 40 hours in a week.

27.    Hourly-paid security guards engage in manual work in the course of their employment

28.    Defendants paid Plaintiff overtime compensation, but did not compensate them at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 in a workweek.

29.    Defendants paid other security guards overtime compensation, but did not compensate them at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 in a workweek.

30.    For example, Plaintiff worked approximately 100.5 hours during the two-week pay period beginning on January 22, 2023 and ending February 4, 2023.

31.    Pursuant to their policy, Defendants paid Plaintiff at her regular hourly rate of $23.41 for 80 hours, and Defendants paid Plaintiff at an hourly rate of $24.54 for the 20.5 hours

of overtime worked in the two-week period beginning on January 22, 2023 and ending February 4, 2023.

32.     Defendants failed to pay Plaintiff overtime compensation at one and one-half times her regular rate of pay for all hours worked over forty (40) per workweek.

33.     Plaintiff has reviewed other security guards' pay stubs and has spoken with other security guards regarding Defendants' nonpayment of overtime compensation at one and one-half times Plaintiff's and other security guards' regular rate of pay.

34.     In addition, Defendants failed to pay Plaintiff and other hourly-paid security guards spread of hours premium compensation for each day they worked ten (10) or more hours.

35.     The spread of hours is the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty. *See* 12 NYCRR § 142-2.18.

36.     Defendants failed to pay Plaintiff and other security guards one hour's pay at the prevailing minimum hourly wage rate on days in which Plaintiff and other security guards' spread of hours exceeded 10 hours. *See* 12 NYCRR § 142-2.4.

37.     Defendants failed to pay Plaintiff and other security guards on a weekly basis, and security guards are paid later than 7 calendar days after the end of weeks in which wages are earned. *See* N.Y. Lab. Law § 191(1)(a)(i).

38.     Defendants have not been authorized to compensate hourly-paid security guards less frequently than weekly. *See* N.Y. Lab. Law § 191(1)(a)(ii).

39.     Defendants' violations of the FLSA and the NYLL, as alleged herein, were willful.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint, as if fully set forth herein.

41.     Plaintiff brings this claim for relief for violation of the FLSA, both individually and as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The proposed FLSA Collective is defined as follows:

> *All hourly-paid security guards employed by Defendants at any time within the three years preceding the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

42.     Plaintiff has filed her consent in writing pursuant to section 216(b). *See* **Exhibit 1.**

43.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).  The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

44.     The employment relationships between Defendants and every FLSA Collective member are the same and differ only by name and rate of pay. The key issues do not vary substantially among the FLSA Collective members.

## RULE 23 CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *All hourly-paid security guards employed by Defendants in New York at any time within the six years preceding the commencement of this action through the date of*

*judgment.*

Plaintiff reserves the right to amend this definition as necessary.

46.    The members of the Rule 23 Class are so numerous that joinder of all Rule Class members in this case would be impractical. Plaintiff reasonably estimates that there are more than forty (40) Rule 23 Class members. Rule 23 Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

47.    There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class.  These common legal and factual questions, include, but are not limited to, the following:

a.    Whether Rule 23 Class members worked more than forty (40) hours per week;

b.    Whether Defendants failed to pay Rule 23 Class members overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek;

c.    Whether Defendants failed to pay Rule 23 Class members a spread of hours premium for each day they worked ten (10) or more hours;

d.    Whether Defendants failed to pay Rule 23 Class members on a weekly basis and not later than seven (7) calendar days after the end of the week in which wages are earned; and

e.    Whether Defendants' conduct was willful and/or not in good faith.

48.    Plaintiff's claims are typical of those of the Rule 23 Class in that she and all other Rule 23 Class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices.  Plaintiff's NYLL claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Class members.

49.    Plaintiff will fully and adequately protect the interests of the Rule 23 Class and has

retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

50.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.  Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits.

51.     This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendants have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

52.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

53.     Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

### COUNT I
### (Brought on an Individual and Collective Basis)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, *et seq.* -- FAILURE TO PAY OVERTIME

54.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

55.    29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

56.    At all times relevant to this action, Defendants was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

57.    Defendants maintain an enterprise whose annual gross volume of sales made or business done has exceeded $500,000 at all relevant times.

58.    Defendants maintain an enterprise that has, at all relevant times, had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

59.    At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and other FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

60.    Plaintiff and other FLSA Collective members worked many workweeks in excess of 40 hours within the last three years.

61.    At all times relevant to this action, Defendants failed to pay Plaintiff and other FLSA Collective members overtime wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

62.    Defendants' management knew that the Plaintiff and other members of the FLSA Collective were working hours in excess of 40 hours per week, without overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

63.    Defendants' violations of the FLSA were knowing and willful. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

64.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**(Brought on an Individual and Class Basis)**
**VIOLATIONS OF N.Y. COMP. CODES R. & REGS. TIT. 12, § 142-2.2**
**FAILURE TO PAY OVERTIME WAGES**

65.    Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

66.    N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 provides, in relevant part:

An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended….

67.    At all times relevant to this action, Defendants was an employer under N.Y. Lab. Law § 651, subject to the provisions of the NYLL.

68.    At all times relevant to this action, Plaintiff and other Rule 23 Class members were "employees" of Defendants within the meaning of N.Y. Lab. Law § 651.

69.    Plaintiff and other Rule 23 Class members worked many workweeks in excess of 40 hours within the last six (6) years.

70.    Defendants failed to pay Plaintiff and other Rule 23 Class members overtime wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess

of forty (40) in a workweek.

71.     At all times relevant to this action, Defendants failed to pay Plaintiff and other Rule 23 Class members for all hours worked in excess of 40 in a workweek.

72.     Defendants' management knew or should have known that the Plaintiff and other members of the Rule 23 Class were working hours in excess of 40 hours per week, without overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

73.     N.Y. Lab. Law § 663 provides that as a remedy for a violation of the NYLL, an employee is entitled to his unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT III**
**(Brought on an Individual and Class Basis)**
**<u>VIOLATION OF 12 NYCRR § 142</u>**
**<u>FAILURE TO PAY SPREAD OF HOURS PREMIUM</u>**

74.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

75.     The NYLL requires employers to pay an extra hour's pay at the prevailing minimum hourly wage rate for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §142-2.4.

76.     Plaintiff and other Rule 23 Class members were entitled to spread of hours pay for each workday that the spread of hours exceeded ten.

77.     Plaintiff and other Rule 23 Class members regularly worked a spread of hours that exceeded ten and were never paid a spread of hours premium.

78.     Defendant's failure to pay spread of hours pay was willful.

**COUNT IV**
**(Brought on an Individual and Class Basis)**
**VIOLATION OF N.Y. LAB. LAW § 191**
**FAILURE TO TIMELY PAY WAGES**

79.    Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

80.    The timely payment of wages provisions, NYLL § 191, and supporting regulations, apply to Defendants, Plaintiff, and the Rule 23 Class members.

81.    Plaintiff and the Rule 23 Class members were "manual workers" as laborers and/or workingmen, as defined by NYLL § 190(4).

82.    Defendants failed to pay Plaintiff and other Rule 23 Class members on a weekly basis and not later than seven (7) calendar days after the end of the week in which wages are earned as required by NYLL § 191(1)(a).

83.    Defendants' failure to compensate Plaintiff and other Rule 23 Class members on a timely basis in accordance with the NYLL was willful.

84.    N.Y. Lab. Law § 198 provides that as a remedy for a violation of the NYLL, an employee is entitled to recover from Defendant the amount of his untimely paid wages as liquidated damages, reasonable attorneys' fees, and pre-judgment and post-judgment interest.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, Brittney Reynoso, individually and on behalf of all others similarly situated, by and through her attorneys, requests an entry of an Order the following relief:

a.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b.    Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's NYLL claims (Counts II, III, and IV);

c.      Ordering Defendants to disclose in computer format, or in print if no
        computer readable format is available, the names and addresses of all FLSA
        Collective members and Rule 23 Class members, and permitting Plaintiff to
        send notice of this action to all those similarly situated individuals,
        including the publishing of notice in a manner that is reasonably calculated
        to apprise the class members of their rights by law to join and participate in
        this lawsuit;

d.      Designating Plaintiff as the representative of the FLSA Collective and the
        Rule 23 Class and undersigned counsel as Class counsel for the same;

e.      Declaring Defendants willfully violated the FLSA and the Department of
        Labor's attendant regulations;

f.      Declaring Defendants violated the NYLL and that said violations were
        intentional, willfully oppressive, fraudulent and malicious;

g.      Granting judgment in favor of Plaintiff and against Defendants and awarding
        Plaintiff and the FLSA Collective and Rule 23 Class the full amount of
        damages and liquidated damages available by law;

h.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing
        this action as provided by statute;

i.      Awarding pre- and post-judgment interest to Plaintiff on these damages; and

j.      Awarding such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Brittney Reynoso, individually and on behalf of all others similarly situated, by
and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules
of Civil Procedure and the court rules and statutes made and provided with respect to the above-
entitled cause.

Dated: March 16, 2023

RESPECTFULLY SUBMITTED,


By:   /s Jason T. Brown
      Jason T. Brown (NY Bar # 4389854)
      Nicholas Conlon (NY Bar # 801616)

13

Eric Sands (Will PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Phone:  (877) 561-0000
Fax: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
eric.sands@jtblawgroup.com

*Counsel for Plaintiff*